[No. 1847. Decided February 24, 1896.]

GEORGE F. FRYE et ux., Respondents, v. HOMER M.
HILL et al., Respondents, JOHN COLLINS et al., Appel-
lants.

RIGHT TO JURY TRIAL — WAIVER — ASSIGNMENT OF LEASE — LIABILITY
FOR RENTS — PRIORITIES.

Any right that a defendant may have to a trial by jury is waived
by his allowing the issues to be made up as though the action were
one properly triable in equity.

The mortgagee of a building erected on leased premises is entitled, as against the lessee or his assignee, to priority in a decree rendered in an action for the recovery of rents due under the lease.

An assignment of a lease is ineffectual when made without consideration and without the knowledge or consent of the assignee.

Appeal from Superior Court, King County.— Hon. J. W. Langley, Judge.   Affirmed.

*William Martin, Crews & Gleason,* and *Stratton, Lewis & Gilman,* for appellants.

*G. H. Fortson, Blaine & DeVries,* and *Carr & Preston,* for respondents.

The opinion of the court was delivered by

Scott, J.—The respondents Frye in July, 1889, executed a lease of a certain lot in the city of Seattle to respondent Homer M. Hill for a term of years, for which said Hill was to pay a monthly rental, and he also agreed to erect a brick building upon the lot which, at the expiration of the term, was to be appraised, and the value thereof was to be paid to him by the lessors.   Hill and wife obtained a loan of $4,000 of respondent Waterman, which was used in the erection of this building, and they gave a chattel mortgage thereon to said Waterman to secure the same, and subsequently, with the consent of the lessors, assigned said lease to her as an additional means of securing the payment of the loan.   Thereafter, Hill and wife made another assignment of said lease to the appellants John Collins and Fred E. Sander, by the terms of which Collins and Sander agreed to pay the rent for the premises as stipulated in the lease. The Waterman loan was made in March, 1890, to run one year.   The rent was paid up to September, 1892, after which time default was made, and the respond-

ents Frye brought this action on the equity side of the court to recover the same, then amounting to upwards of $4,000, and to have the lease forfeited, and the amount of rent recovered declared a first lien upon the building, and to have the building sold and the proceeds applied in payment of said rent. The respondents Hill and wife answered, and also filed a cross-complaint against said Collins and Sander setting up the assignment of the lease to respondent Waterman as a mortgage and an absolute assignment of the same later to appellants Collins and Sander as aforesaid, and asked that judgment be rendered against them for the back rent as assignees of the lease and tenants in possession of the premises; and they also set forth certain articles of agreement which they claimed to have entered into with Collins and Sander for the purpose of conducting a newspaper, alleging several thousand dollars to be due them thereon, and asked for an accounting. Mrs. Waterman filed a cross-complaint setting up her interests, and appellant Gleason intervened, claiming to be the assignee of appellant Collins to said lease, Sander and wife having previously assigned their interest to Collins. We have only attempted in the foregoing to state enough to show the general nature of the issues involved.

A trial was had, findings of fact were made, and a decree rendered awarding certain relief to the plaintiffs, and giving them judgment for the amount of the rent due, finding that the Waterman loan was the first lien upon the building, and finding that intervenor Gleason had no interest in the premises. Collins and wife and Sander and wife and Gleason appealed therefrom. The facts were not settled, and but two matters are presented for our consideration. It is contended that the court erred in refusing to grant appellants

Collins and Sander a trial by jury, and in support of this it is claimed that they objected to the various matters brought into the case by the cross-complaints of the other defendants, and moved to strike the same from the records. No page of the record is called to our attention where such a motion appears, and we have failed to find any. It appears that demurrers were filed to these cross-complaints on the ground that they did not state a cause of action, that the same were overruled, and that thereafter said appellants took issue as to the matters alleged. The action as it stood was properly triable in equity, and the appellants, conceding that they would have had a right to a trial by jury had they preserved their rights, waived the same by allowing the various equitable issues to be made up without objection.

It is next contended by them that the court erred in not finding that the claim of respondent Waterman upon the building was subject to plaintiffs' lien for the rent due, and that the court should have decreed that the proceeds of the building be first applied in payment of the rent, and it is contended that this is apparent from the pleadings. It is insisted that appellants took no interest by the assignment of the lease to them, and that they never went into possession of the premises, but the court found otherwise, and found that they did go into possession and that they had agreed to pay the rent as stipulated in the lease. The assignment of the lease to them so provided, and there was no such provision in the assignment to respondent Waterman. Said appellants are in no position to urge that the rent due should have been decreed a first lien upon the building. The plaintiffs might have had some ground for urging this, but they, evidently satisfied with the judgment rendered, have not ap-

pealed, and under the circumstances of the case the rights of respondent Waterman were superior to those of these appellants, and as against them she was entitled to the decree requiring them to pay the back rent under the terms of the assignment of the lease made to them.

As to appellant Gleason, the court found that the assignment to him was made without consideration and without his knowledge or consent, and furthermore that he was not a citizen of this country but was a resident of Australia and not capable of taking any interest under and by virtue of said assignment, and that he did not take any. The facts not being brought here, this finding must stand.

There being no error in the record, the judgment is affirmed.

Hoyt, C. J., and Dunbar, Anders and Gordon, JJ., concur.